Mr. Chief Justice Johnson delivered the opinion of the Court: The points presented in this case arise out of a motion interposed by defendants in error to dismiss the writ of scire facias sued out by the plaintiffs to revive a judgment theretofore obtained against the defendants, and to have execution thereof. The grounds of the motion, as shown by the original transcript sent into this court, are that the plaintiffs were non-residents, and had not filed a bond for costs before tlie issuance of the scire fa-cias. It is not shown by that transcript that the motion was supported by an affidavit or otherwise verified. The transcript last sent up discloses a motion, which is predicated upon the sole ground that the plaintiffs were non-r.esidents, and which motion was duly verified by the affidavit of Hoskins, one of the defendants. The first question is whether it was required of the plaintiffs, in a case like the present, to file a bond for costs; and the second, that in case such bond were necessary, whether the motion and affidavit were sufficient to authorize the court to dismiss the writ. The 1st section of chap. 40, of the Digest, declares that, “In all actions on office bonds for the use of any person .actions on the bonds of executors, andministrators or guardians, qui tam actions, actions on penal statutes, and in all suits in law and equity, where the plaintiff or person for whose use the action is commenced, shall not be a resident of this State, the plaintiff or person for whose use the action is about to be brought, shall, before he institutes such suit, file, in the office of the clerk of the circuit court in which the action is to be commenced, the obligation of some responsible person, being a resident of this State, by which he shall acknowledge himself bound to pay all costs which may accrue in such action.” The 2d section of the same act further declares that “If any such action shall be commenced without filing such obligation, the circuit court shall, on motion, dismiss the same, and the attorney for the plaintiff shall be ruled to pay the costs accruing thereon.” A scire facias on a judgment to procure execution against a party thereto, is not an original suit, but a continuation of the former action, and the execution thereon is an execution on the former judgment. (See Brown, Robb & Co. v. Byrd, 5 Eng. Rep. 534-5.) The scire facias is but a part of the processs of the original action, and not an action in itself, although it may be pleaded to just like a plea, pleaded puis darien continuance may be replied to, (see same case, p. 535.) The statute just quoted, doubtless refers alone to original actions instituted by non-residents, and consequently a scire facias simply to revive a judgment is not embraced in it. But upon the supposition that it is sufficiently comprehensive to embrace a scire facias, it is perfectly manifest that the motion and affidavit contained in the last transcript are wholly insufficient. The only ground laid in the motion is, that the plaintiffs were non-residents of the State, and that is the only fact verified by the defendant. The law requires the motion to present two distinct grounds, the one the non-residence of the plaintiff, and the other that they had not filed a bond for the cost of the suit before its institution. The subject matter of the motion being in abatement, and not appearing of record, every fact therein contained must be verified by affidavit. Neither the motion nor the affidavit were therefore sufficient to entitle the defendant to a dismissal of the writ even in case such bond had been necessary as a pre-requisite to the issuance thereof. The motion disclosed by the first transcript, contained all the essential facts, yet it was wholly unsupported by any affidavit whatever. (See Hardwick v. Campbell & Co., 2 Eng. Rep. 121.) We are satisfied, however, that no bond for costs was necessary as a pre-requisite to this proceeding, and that consequently the court below erred in dismissing it for the want of such bond, or for the fact of the non-residence of the plaintiffs. The judgment of the White Circuit Court herein rendered, is therefore reversed, annulled, and set aside, and the cause remanded, to be proceded in according to law, and not inconsis-ent with this opinion.